UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BATTERY SOLUTIONS, INC.,

    Plaintiff,

vs                                               Case No: 12-10738
                                               Honorable Victoria A. Roberts

TERRALPHA INDUSTRIAL, INC.,

    Defendants.

_____/

## ORDER DENYING MOTION TO TRANSFER VENUE

**I.    INTRODUCTION**

This matter is before the Court on Defendant, Terralpha Industrial Inc.'s motion to dismiss or, in the alternative, to transfer venue (Doc. #5). Plaintiff, Battery Solutions, Inc. ("BSI"), invokes the "First to File" rule in response to Terralpha's motion. BSI seeks contribution, indemnification, and damages from Defendant, based on a breach of contract claim.

There are two issues before the court: (1) Should the Court grant Terralpha's motion to dismiss and not apply the first-to-file rule although Terralpha filed a declaratory judgment action in Illinois almost three weeks after BSI filed this action? And (2), should the Court grant Terralpha's motion to transfer this action to the Northern District of Illinois for the convenience of the parties and witnesses, in the interest of justice, pursuant to 28 U.S.C. § 1404(a)?

The Court held a hearing on **JUNE 29, 2012.**

1

The Court **DENIES** Terralpha's motion to dismiss or transfer venue.

## II.     BACKGROUND AND PROCEDURAL HISTORY

### A.     Background Information

Triumvirate Environmental, Inc. ("TEI") is not a party in this case (the "Michigan Action"), but the corporation plays a significant role in the dispute between BSI and Terralpha. TEI's principal place of business is Somerville, Massachusetts, and the company is in the environmental services business, which includes removing and disposing of waste materials. (Doc. 10-3, at 2). On September 12, 2007, TEI contracted with Energizer, another non-party, to dispose of batteries. *Id.*

BSI and TEI also provide waste removal and recycling services. BSI is a Michigan corporation with its principal place of business in Howell, Michigan; TEI is an Illinois corporation with its principal place of business in Naperville, Illinois. (Doc. 1). TEI entered into a subcontract with BSI to recycle and dispose of the materials TEI received from Energizer. *Id.* In July 2008, BSI and Terralpha entered into a contract; Terralpha agreed to purchase and/or receive batteries from BSI for recycling, and BSI agreed to pay Terralpha for the recycling of its primary lithium batteries. *Id.*, at 2. TEI has never contracted with Terralpha, nor has TEI ever been in contact with Terralpha via Terralpha's contract with BSI. (Doc. 10-3, at 3.).

### B.     The November, 2010 Massachusetts Action

In November, 2010, TEI sued BSI and Terralpha in Massachusetts (the "Massachusetts Action"). (Doc. 5, at 6). TEI alleged: (1) BSI breached its contract with

2

TEI by failing to obtain TEI's written consent regarding the disposal of Energizer batteries by BSI subcontractor, Terralpha; (2) Terralpha disposed of Energizer batteries improperly in China; and (3) Terralpha is liable to TEI because TEI is a third-party beneficiary of BSI's contract with Terralpha. (Doc. 10, at 3). BSI filed a cross-claim against Terralpha, asserting that Terralpha failed to recycle the batteries from BSI as promised, which caused the damages claimed by TEI in the Massachusetts Action. *Id.* at 3.

Terralpha filed a motion to dismiss TEI's complaint and BSI's cross-claim for lack of personal jurisdiction, which the Massachusetts court initially denied, allowing TEI to conduct discovery. *Id.* at 3. After discovery, Terralpha filed a renewed motion to dismiss. Then, TEI voluntarily dismissed its claims against Terralpha, on January 13, 2012. *Id.* at 4. BSI says that after TEI voluntarily dismissed its claims in the Massachusetts Action, BSI knew it would be necessary to assert its claims against Terralpha in a different forum because its cross-claims in the Massachusetts Action would also be dismissed. *Id.* at 4. BSI requested that Terralpha enter into a Stipulation of Dismissal without prejudice and without costs at the same time it served its response to Terralpha's renewed motion to dismiss; however, Terralpha never responded to the request. *Id.* On February 7, 2010, BSI again contacted Terralpha via e-mail, asking Terralpha to enter into a Stipulation of Dismissal in lieu of the hearing on Terralpha's motion to dismiss, which had been scheduled for March 6, 2012. Terralpha did not respond to the e-mail. *Id.* On March 6, 2012, the Massachusetts court held a hearing on Terralpha's motion to dismiss, and dismissed BSI's cross-claims against Terralpha, without prejudice, on March 9, 2012. *Id.* at 4-5.

### C. The 2012 Michigan and Illinois Actions

On February 17, 2012, BSI sued Terralpha in this Court, alleging the same claims as in the Massachusetts Action. On March 7, 2012, Terralpha sued BSI and TEI in the Circuit Court of Cook County, Illinois ("The Illinois Action"), seeking a declaratory judgment. BSI and Terralpha disagree about the events which followed the Massachusetts court's March 6, 2012 dismissal and which preceded the Michigan and Illinois Actions. BSI says that after the March 6, 2012 Massachusetts hearing, its counsel informed Terralpha's counsel that BSI filed a complaint against Terralpha in Michigan. *Id.* at 5. Further, BSI alleges that Terralpha filed its claim in Illinois on March 7, 2012 with full knowledge of the pending Michigan Action. Terralpha, on the other hand, claims that following the March 6, 2012 hearing, BSI's counsel informed Terralpha's counsel only that BSI *intended* to file a complaint against Terralpha, not that one had already been filed in Michigan. (Doc. 11, at 1). Further, Terralpha notes that it had not been served with BSI's Michigan Complaint at the time of the Illinois filing and claims it was under the impression that BSI had not yet filed suit. *Id.* at 2.

On March 19, 2012, unaware of the Illinois Action, BSI's counsel asked Terralpha's counsel whether he would accept service of the complaint filed in this action. (Doc. 10, at 5). Terralpha's counsel did not respond to the e-mail; instead, Terralpha served BSI with a copy of the complaint filed in the Illinois Action later that same day. *Id.* On March 28, 2012, BSI served Terralpha with a copy of the Michigan complaint. *Id.*

With BSI's consent, TEI removed the Illinois Action to federal court on April 3,

4

2012. *Id.* On April 10, 2012, BSI filed a motion to dismiss the Illinois Action based on the first-to-file rule or, in the alternative, to transfer it to this Court, which is essentially the same motion Terralpha filed in this case. On April 17, 2012, Terralpha filed an Amended Complaint in the Illinois Action, asserting claims of malicious prosecution against TEI and BSI, fraud against BSI, and seeking declaratory judgments against TEI and BSI. (Doc. 5, at 9). On June 15, 2012, the Northern District Court of Illinois dismissed Terralpha's claims against BSI without prejudice to proceedings in Michigan. (Doc. 39). The Illinois Court decided that Terralpha's claims against TEI may proceed in Illinois, but the case is stayed pending the outcome of the Massachusetts action, which the Court noted may result in the relief Terralpha seeks against TEI. *Id.*

On April 17, 2012, Terralpha filed a motion to dismiss or transfer venue. Terralpha's motion raises two issues: (1) whether BSI's claims against Terralpha should be dismissed; and (2) whether BSI's claims against Terralpha should be transferred to Illinois and consolidated with the Illinois Action. Because the Illinois Court has dismissed Terralpha's claims against BSI -- and there is no action now pending between the two -- Terralpha's motion to transfer venue is moot.

### III. ANALYSIS

There are two separate issues to analyze in this case. First, Terralpha's motion to dismiss depends on whether or not the first-to-file rule is applicable. Terralpha argues that the rule should not apply, while BSI asserts that the rule fits well within the circumstances at hand. Next, Terralpha argues that as an alternative to dismissal, transfer of this case to Illinois is warranted. Terralpha's motion to transfer venue depends on whether or not such a transfer is appropriate based the "convenience of the

parties and witnesses, in the interest of justice," pursuant to 28 U.S.C. § 1404(a).

> **A.   Pursuant to the First-to-File Rule, Terralpha's Motion to Dismiss the Michigan Action Should be Denied Because the Michigan Action was the First Filed**
>
>> **i.   Legal Standard**

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts." *Certified Restoration Dry Cleaning Network v Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007). When actions involving the same parties and the same issues have been filed in two different courts, the first-to-file rule provides that the suit that was filed first "should proceed to completion." *Id.*

There are three pertinent issues related to the first-to-file rule in this case. First, in order to establish if the rule should apply, the Court should look to the chronology of the actions, the similarity of the parties, and the similarity of the issues at stake. Second, the Court should take into account the fact that this case involves a coercive action in Michigan and a declaratory judgment in Illinois. Finally, the Court has discretion when applying the first-to-file rule, and in deciding whether or not to do so, the Court may look to any special circumstances or equitable considerations that justify departure from the rule. As described in detail below, all three issues lead to the same conclusion: the first-to-file rule should apply.

>> **ii.   Based on The Chronology of the Actions, the Similarity of the Parties Involved, and the Similarity of the Issues at Stake, the First-to-File Rule Should Apply**

There are three factors that courts have identified in determining whether or not to invoke the first-to-file rule. *Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F. Supp. 2d 612

(E.D. Mich. 2007). These factors are: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Id.* (citing *Alltrade, Inc. V. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991)).

First-to-file chronology is controlled by "the date that an original complaint is filed." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Associates, Inc.*, 16 Fed Appx. 422, 437 (6th Cir. 2001). There is no dispute that the Michigan Action was filed on February 17, 2012, *before* the Illinois Action was filed on March 7, 2012. The chronology of these actions favors applying the first-to-file rule and denying Terralpha's motion to dismiss.

The second and third factors regarding the similarity of the parties and issues are contested by the parties. BSI argues that the claims asserted by Terralpha against BSI in the Illinois Action are the "mirror image" of the claims asserted by BSI against Terralpha in the Michigan Action. (Doc. 10, at 6). Terralpha, however, argues that the Illinois Action is "more comprehensive," warranting dismissal of the Michigan Action. (Doc. 5, at 11). Terralpha admits that its declaratory judgment claim against BSI in Illinois raises essentially the same factual issues as BSI's claim in Michigan; however, Terralpha says that because the Illinois Action involves TEI as a party and contains claims for fraud and malicious prosecution, the Michigan Action should be dismissed. *See Alltrade*, 946 F.2d at 628 n.13 ("[I]f the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule *would* be reversible error for it would constitute a misapplication of the law") (emphasis in the original).

BSI argues that Terralpha's contention that the Michigan Action should be dismissed because the Illinois Action is more comprehensive is "meritless." (Doc. 10, at

7

7). First, with regard to Terralpha's additional claims, BSI notes that Terralpha asserted claims against BSI for fraud and malicious prosecution in an amended complaint in the Illinois Action on April 17, 2012, *after* BSI filed its motion to dismiss under the first-to-file rule. BSI argues that not only are the additional claims baseless, but that they were merely asserted against it in an effort to somehow distinguish the Illinois Action. Further, BSI adds that Terralpha could easily assert the additional claims in the Michigan Action as a counterclaim. (Doc. 10, at 6 n.1).

Second, BSI argues that Terralpha's claims against TEI in Illinois were asserted "merely for procedural fencing in an attempt to get this action dismissed or transferred." (Doc. 10, at 7). BSI notes that TEI has already contested personal (specific and general) and subject matter jurisdiction in the Illinois Action in a memorandum in support of TEI's motion to dismiss (Doc. 10-3). TEI makes multiple arguments as to why the Illinois Court lacks jurisdiction, including the fact that TEI has never transacted business in Illinois with respect to the BSI/Terralpha contract. (Doc. 10-3 at 6). TEI also argues that its minimal use of the Illinois state court system to enforce discovery in the Massachusetts Action does not give rise to specific jurisdiction *Id.* Further, TEI argues that the Illinois court lacks subject matter jurisdiction because there is no substantial controversy of sufficient immediacy in the Illinois Action. *Id.* Finally, TEI emphasizes that it there is no basis for TEI's inclusion in the Illinois Action based on the facts that TEI voluntarily dismissed third party beneficiary claims it brought in Massachusetts against Terralpha, and has no intention of filing a new lawsuit. *Id.* at 9.

Because TEI entered into a contract with BSI, a Michigan corporation, there is no dispute that TEI would be subject to jurisdiction in Michigan. (Doc. 10, at 7). As such,

8

BSI contends that Terralpha could assert a third-party complaint against TEI as part of the Michigan Action and avoid a jurisdictional controversy with TEI in Illinois. *Id.* BSI argues that Terralpha intentionally asserted claims against TEI in Illinois, knowing that TEI would seek to dismiss them for lack of personal jurisdiction and also knowing that there would be no jurisdictional battle if Terralpha asserted those claims against TEI in Michigan. *Id.* at 8 n.2. In essence, BSI claims that Terralpha "engaged in blatant forum shopping," and that such behavior should not be allowed to circumvent the first-to-file rule. *Id.*

Despite Terralpha's argument that the Illinois Action is more comprehensive, the Court considers the Michigan and Illinois Actions as parallel actions for purposes of applying the first-to-file rule. Terralpha's choice to include an additional party and additional claims appears to be strategic posturing by Terralpha in an attempt to distinguish the Illinois Action and obtain a favorable venue.

### iii. Coercive Actions should be given Precedence over Declaratory Judgment Actions in a Parallel Case

In support of its argument that Terralpha engaged in "blatant forum shopping," BSI raises an additional issue regarding coercive actions and declaratory judgments in parallel actions. BSI asks, "why else would a party that is *defending* against claims bring a declaratory judgment claim in another jurisdiction?" (Doc. 10, at 8) (emphasis in the original). BSI's answer to its own question is that Terralpha "would have no reason to initiate an action seeking declaratory relief concerning claims for which it faces potential liability and no recovery of damages *other than* to prevent those claims from being litigated in a different forum." *Id.* at 9.

9

Courts hold that coercive actions should be given precedence over declaratory judgment actions, even when the coercive action was filed *after* the declaratory judgment action. *Clear!Blue*, 521 F. Supp. at 615 (emphasis added); *see AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) ("Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum."). In effect, this means that even if Terralpha had filed its declaratory judgment first in time, the first-to-file rule may apply to a later filed coercive action. *See Clear!Blue*, 521 F. Supp. at 614 ("Courts in the Sixth Circuit have also declined to apply the first-to-file rule when a declaratory judgment action is filed before a coercive action involving the same parties and issues."). Here, not only did Terralpha file a declaratory judgment action in what appears to be an effort to select a more favorable forum, it did so *after* BSI's coercive action was filed.

### iv. There are no Special Circumstances or Equitable Considerations that Justify Departure from the First-to-File Rule

Under the first-to-file rule, "the court in which the first suit was filed should *generally* proceed to judgment." *Zide Sports*, 16 F. App'x at 437. Accordingly, application of the rule is subject to judicial discretion "where equity so demands." *Id.* Unless a party can demonstrate "special circumstances," courts typically apply the first-to-file rule when determining the priority of two parallel actions filed in different states. *Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*, 554 F. Supp. 2d 754, 755 (E.D. Mich. 2008) (citing *Kahn v. General Motors Copr.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). Special circumstances may render the first-to-file rule unenforceable,

pursuant to specific factors that weigh against its application. These factors include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide Sports*, 16 F. App'x at 437. Terralpha argues that BSI engaged in inequitable conduct in filing its Michigan Action, which should render the first-to-file rule inapplicable. (Doc. 5, at 10). BSI, on the other hand, maintains that there are no special circumstances that justify departure from the rule. (Doc. 10, at 7).

First, Terralpha argues that BSI filed this action prematurely because it filed the Michigan Complaint while its cross-claim against Terralpha was still pending in Massachusetts. (Doc. 5, at 10). Terralpha further states that BSI filed this action while continuing to pursue jurisdiction in Massachusetts, essentially "forcing" Terralpha to proceed to a jurisdictional hearing. *Id.* In response, BSI explains that it contacted Terralpha regarding the possibility of voluntarily dismissing its cross-claims as soon as TEI made clear that was no longer going to pursue claims against Terralpha in Massachusetts. (Doc. 10, at 7). Terralpha did not respond, and after the Massachusetts Court set a hearing for March 6, 2010, BSI contacted Terralpha about the possibility of entering into a Stipulation of Dismissal without prejudice. *Id.* at 8. Once again, there was no response from Terralpha. *Id.* BSI states that these actions exemplify not only the good faith conduct exercised on its part, but Terralpha's bad faith conduct in failing to respond to BSI's multiple attempts of communication. *Id.*

Terralpha attempts to explain why it did not respond to BSI's communications in its Reply in Support of its Motion to Dismiss or Transfer Venue (Doc. #11). Terralpha states that "BSI's claim that Terralpha somehow acted inequitably by not accepting BSI's proposed Stipulation of Dismissal without prejudice is untrue." (Doc. 11, at 2).

11

Terralpha further explains that BSI's proposal was both "without prejudice," and "without costs," which Terralpha found unacceptable. *Id.* BSI, however, did not argue that Terralpha's lack of *acceptance* constituted bad faith conduct, rather BSI emphasized Terralpha's lack of *any response at all* on the matter.

Additionally, Terralpha asserts that BSI attempted to "hide the fact that it had filed in Michigan from Terralpha and the Massachusetts court," as evidenced by the fact that BSI did not attempt to serve Terralpha with the Michigan Action for over a month after its filing. (Doc. 5, at 10). Terralpha claims this proves that BSI filed an anticipatory suit in bad faith in Michigan while continuing to argue over personal jurisdiction in Massachusetts. BSI states that contrary to Terralpha's assertion, it did not "hide the ball," nor did it attempt a race to the courthouse. Rather, BSI explains that at the March 6, 2012 hearing, its counsel told Terralpha's counsel they had already filed a complaint in Michigan. (Doc. 10, at 8). Although Terralpha argues that BSI's counsel never actually stated it had *already* filed suit at the hearing, Terralpha does admit that BSI's counsel at least spoke of going forward with claims in Michigan. (Doc. 11, at 2). BSI responds by highlighting the fact that Terralpha never indicated any desire to file a declaratory judgment action in Illinois, nor did BSI have any reason to believe such an action was likely to occur. *Id.* BSI also emphasizes that if any party engaged in inequitable conduct it is Terralpha, by clearly engaging in forum shopping, as evidenced by the fact that Terralpha immediately filed a declaratory judgment action in Illinois the day after learning of the Michigan Action's existence. *Id.*

Finally, in support of its own good faith, Terralpha notes the fact that the Illinois Complaint was served on BSI a week prior to BSI's service of the Michigan Complaint

12

against Terralpha; however, as already mentioned, first-to-file chronology is controlled by "the date that an original complaint is *filed*," and not by the date it is served. *Zide Sports*, 16 Fed Appx. at 437 (emphasis added).

In summary, there are three reasons why the Court applies the first-fo-file rule. First, the Michigan Action was clearly filed before the Illinois Action, and despite Terralpha's attempt to distinguish its case in Illinois, using what appears to be strategic forum shopping techniques, both actions are essentially the same. Second, the coercive action in this case is given precedence over the declaratory judgment action in Illinois. Finally, there do not appear to be any special circumstances or examples of bad faith conduct that would justify departure from the rule. Accordingly, the Court **DENIES** Terralpha's motion to dismiss.

### B. Terralpha Has Not Demonstrated that Transfer of this Action to Illinois is Warranted

The second issue the Court must decide is whether to transfer the Michigan Action to the Northern District of Illinois, which Terralpha requests in the alternative to its motion to dismiss. On June 15, 2012, the Illinois Court dismissed Terralpha's claims against BSI without prejudice to proceedings in Michigan. Accordingly, Terralpha's motion to transfer venue is moot. Terralpha filed a motion for reconsideration in the Illinois action. It remains pending. Even if the issue were ripe, the Court would deny Terralpha's motion to transfer venue.

#### i. Legal Standard

Terralpha seeks to transfer the Michigan Action to Illinois pursuant to 28 U.S.C. §

1404, which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden to demonstrate that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (citing *Rowe v. Chrisler Corp.*, 520 F. Supp. 15, 16 (E.D. Mich. 1981). The movant must make this showing by a preponderance of the evidence. *Id.* (citing *International Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995).

In determining whether to transfer venue is appropriate, courts consider a variety of factors, including:

> (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. [*Overland, Inc. V. Taylor*, 79 F. Supp. 2d 908, 811 (E.D. Mich. 2000)].

As related to factor (8), "a plaintiff's choice of forum will be given *substantial deference*." *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (emphasis added).

The factors discussed by the parties include: the location of most of the material events, the convenience of the parties and witnesses, and the forum's familiarity with the governing law.

### ii. Most of the Material Events Occurred in Michigan

First, Terralpha suggests that venue is proper in Illinois because that is where

14

Terralpha resides and where a "substantial part of the events or omissions giving rise to Terralpha's claims occurred." (Doc. 5, at 12). However, Terralpha does not include any specific examples of events or omissions that gave rise to its claims, except as related to TEI, which is not a party in this action. Terralpha also does not address where BSI's claims against it occurred. Terralpha notes that BSI is subject to personal jurisdiction in Illinois based on its contract with Terralpha. Terralpha contends that although TEI contests jurisdiction in Illinois, its arguments are "without merit" because TEI used the Illinois courts during the discovery process of the Massachusetts Action, and because TEI transports waste materials through Illinois.

BSI responds that the "location of most of the material events occurred in Michigan, such as communications between Terralpha and BSI and the pick up of the primary lithium batteries at issue by Terralpha." (Doc. 10, at 10). BSI also contends that TEI's arguments for lack of jurisdiction in Illinois are not meritless at all. BSI points out that TEI asserts that "Terralpha's declaratory judgment action . . . does not 'arise from' TEI's utilization of the Illinois state court to obtain discovery for the Massachusetts Action." (Doc. 10-3, at 8). Additionally, TEI explains that although it has "hauled waste *through* the State of Illinois, such conduct surely does not subject it to jurisdiction for all purposes, let alone for purposes of a lawsuit involving a contract to which it is not a party." *Id.*

### iii. Michigan is Better Suited for the Convenience of the Parties and Witnesses

Second, the parties argue over which venue is better suited for the convenience of the parties and witnesses. Terralpha, an Illinois corporation, says that the

convenience of the parties and witnesses would be better served by transferring the Michigan Action to Illinois. (Doc. 5, at 13). Terralpha explains that Illinois is its principal place of business and that both of its officers reside in Illinois. *Id*. Terralpha makes an odd point in acknowledging that although one of its witnesses, Chad Rodriguez, lives in Florida, his previous deposition in the Massachusetts Action happened in Illinois, and he would likely return to Illinois if deposed again. *Id*. Terralpha also distinguishes between a non-party witness and employee witnesses, explaining that "it is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." (Doc. 11, at 4 (citing *Ghaith v. Rauschenberger*, 2010 WL 431596, at *3 (E.D. Mich. Jan. 28, 2010)). Terralpha says that because Chad Rodriguez is not a Terralpha employee, a factor that Terralpha says weighs in favor of transfer. Still, the non-employee witness, Mr. Rodriguez, is not a resident of Illinois.

BSI, on the other hand, argues that convenience of the witnesses and parties weighs in favor of Michigan because BSI is a Michigan corporation and all of its witnesses reside in Michigan. (Doc. 10, at 10). BSI also points out that Chad Rodriguez lives in Florida and states that Terralpha's other witness, Renee Zhang, "spends most of the year in China." *Id*. Terralpha clarifies that Zhang, Terralpha's President, is actually a full time resident of Illinois and "only travels to China two or three times a year." (Doc. 11, at 4). Both parties note that TEI's witnesses reside in neither Illinois or Michigan, making its inclusion a neutral factor the decision to transfer venue. (Doc. 10, at 10).

### iv.     This Court is Familiar With the Governing Law

Finally, Terralpha states that its fraud and malicious prosecution claims arise under Illinois law, and that the effect of such wrongful conduct on behalf of TEI and BSI

was endured in Illinois. (Doc. 5, at 13). Terralpha argues that because the parties in the Illinois Action have already made "several appearances," and since Terralpha has filed a Motion for Preservation of Evidence against TEI, which the Illinois Court has conducted a hearing and ruled on, transfer of venue is favored. (Doc. 11, at 5). In response, BSI first notes that "Michigan law will apply to BSI's claims against Terralpha for breach of contract, misrepresentation, contribution and indemnification." (Doc. 10 at 10). Further, in regard to the fraud and malicious prosecution claims asserted by Terralpha against BSI in Illinois, BSI states "to the extent that those are viable claims and to the extent that Illinois law applies, Terralpha has not indicated that Illinois law is confusing or unsettled or any different than Michigan law." *Id.*

### v. Denial of Motion to Transfer is Warranted

Terralpha's arguments for transfer boil down to having one non-party witness who lives in Florida, but is willing to travel; a party witness who resides in Illinois, but travels to China often; an argument that its additional claims for fraud and malicious prosecution would be better handled in Illinois; and a conclusory statement, lacking any factual support, that the majority of the material events occurred in Illinois. This simply is not enough to justify transfer of venue. Also, the very claims Terralpha makes its transfer of venue argument on are the same claims that Terralpha is likely raising for strategic, forum shopping purposes, as suggested in first-to-file section. Further, even if the fraud and malicious claims are valid, Terralpha has not suggested any reason for why they could not be heard in Michigan.

Terralpha, as the moving party, bears the burden to demonstrate why transfer is proper. In addition to meeting this burden, Terralpha must also overcome the fact that

17

BSI's choice of forum is given "substantial deference." *Audi*, 341 F. Supp. 2d, 734, at 739. Terralpha has not met this burden, nor has it provided significant reasons for why its choice of forum, in Illinois, warrants transfer. *See Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp 2d 834, 837 (E.D. Mich. 2000) (denying motion to transfer because "defendant has neither overcome the presumption that plaintiffs filed this case in the proper forum, nor proffered any reason to support transferring the case."). Most of the material events between these parties occurred in Michigan, all of BSI's witnesses live in Michigan, and Michigan law is applicable to all of BSI's claims against Terralpha in this case.

Because the Illinois Court dismissed Terralpha's claims against BSI in the Illinois Action, transfer from this Court to Illinois is no longer an option, and the motion is moot. If Terralpha's motion for reconsideration in Illinois is granted, the Court would deny Terralpha's motion to transfer venue.

## IV. CONCLUSION

Terralpha's motion to dismiss or, in the alternative, to transfer venue is **DENIED**.

        /s/ Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: June 29, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 29, 2012.

S/Linda Vertriest
Deputy Clerk

---